# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-865V

|  |  |
|---|---|
| KRISTEN MCKIERNAN,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Margaret Armstrong, U.S. Department of Justice, Washington, DC,* for Respondent.

## ORDER DENYING MOTION FOR REDACTION[1]

On June 9, 2023, Kristen McKiernan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that following her receipt of influenza and/or tetanus-diphtheria-acellular pertussis vaccines on February 10, 2021, she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Petition, ECF No. 1. The case was assigned to the Office of Special Master's Special Processing Unit ("SPU").

On January 8, 2025, I issued both a Ruling on Entitlement ("Ruling") and a Decision on Joint Proffer ("Decision"), which were each brief, two-page rulings that disclosed Petitioner's name, her alleged vaccine-related injury, and the amount to be awarded in compensation. ECF Nos. 33-34. On January 22, 2025, Petitioner filed a timely Motion for

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). To the extent that Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Redaction of each of the documents. ECF No. 40. Respondent did not take a position regarding the request for redaction, but rather deferred to my discretion. ECF No. 41. Petitioner did not file a Reply. **For the following reasons, Petitioner's Motion for Redaction (ECF No. 40) is denied.**

### I.     Petitioner's Motion for Redaction

Petitioner requests redaction of her full name to her initials in the Ruling's and Decision's case captions and bodies. ECF No. 40. In support, she explains that

> [d]isclosing [her] personal information on public documents, that would easily be discovered by a simple internet search, could lead to disruptions in [her] professional and personal life, particularly as [she] seek[s] employment within the healthcare industry . . . as it could lead to prejudicial assumptions or biased treatment from prospective employers or colleagues. This concern is especially pressing in light of the sensitive nature of [her] professional background and the competitive job market in the healthcare sector.

*Id.* at 4 (citing Ex. 20 ¶¶ 3-4). In addition, Petitioner asserts that the redaction of her name "is essential to prevent any adverse consequences that could arise from the unintended exposure of [her] personal data[,]" as she has had "fraud committed on [her] accounts in the past[.]" *Id.* (citing Ex. 20 ¶ 5). She contends that the availability online of any information showing that her Program case was won, or the amount of compensation awarded "could result in further harassment." *Id.* (citing Ex. 20 ¶ 5). As noted, Respondent has not taken a position regarding the request for redaction.

### II.     Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information

"would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

Indeed, the *Langland* approach acknowledges that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. *Windhorst v. Sec'y of Health & Hum. Servs.,* No. 13-647V, 2017 WL 728045, at *2 (Fed. Cl. Spec. Mstr. Jan. 10, 2017). Further, "special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee places his or her medical condition in contention by filing a claim." *Windhorst,* 2017 WL 728045, at *2.*

Regardless of which decision best encapsulates the proper approach to redaction requests, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See,* e.g., *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting

3

petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

A petitioner's *general* concern for privacy – something undoubtedly shared by many vaccine case petitioners – is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *W.C.*, 100 Fed. Cl. at 461; *see also Castagna v. Sec'y of Health & Hum. Servs.*, No. 99-411V, 2011 WL 4348135, at *11 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (denying redaction to an adult who had "not alleged the existence of any special circumstances that would justify her request," and emphasizing that the Vaccine Act did not give petitioners "a categorical right to anonymity").

In many cases, redaction is deemed appropriate because the petitioner shows some nexus with the medical profession, and a related concern that disclosure of the claim could result in bias against the individual. *M.A. v. Sec'y of Health & Hum. Servs.*, No. 18-103V, 2020 WL 7137075 (Fed. Cl. Spec. Mstr. Aug. 21, 2020) (granting redaction when the petitioner established he was concerned about his employment (and thus financial) security if his employer (a large medical provider with knowledge of the Vaccine Program) were to learn of the existence or extent of his vaccine-related injury). But this cannot be the sole circumstances in which redaction is allowed. Indeed, privacy concerns of incarcerated individuals have also been considered. *T.R. v. Sec'y of Health & Hum. Servs.*, No. 23-730V, 2024 WL 4635581 (Fed. Cl. Spec. Mstr. Sept. 24, 2024) (granting redaction to an incarcerated petitioner who was concerned of safety risks if his shoulder injury were revealed to his fellow inmates).

At bottom, and as the Court of Federal Claims recently confirmed, "[e]ach request for redaction must be made by applying the specifics in the case in which the redaction request is made, and . . . provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate [or appropriate]." *K.N. v. Sec'y of Health & Hum. Servs.*, 167 Fed. Cl. 142, 156 (Fed. Cl. 2023) (petitioner's intent to pursue a medical career deemed sufficient basis for redaction, as the potential employment harm was not found to be remote, as she established she was planning to pursue a career in microbiology, immunology, and vaccines, and thus the existence and disclosure of her mental health conditions, medications, or her vaccine-related claim would harm those employment prospects and create an unwarranted invasion of privacy).

Absent a similar "hook," the mere claim that it is *possible* a person would face difficulties if the fact of a case was disclosed amounts to speculation. And the standard

for redaction should not simply be to allow it whenever "the petitioner asks for it" (since to do so would be to deny relief to claimants solely because they fail to make such a request).

### III.     Analysis

Petitioner has not shown that redaction is warranted. Petitioner has not demonstrated how her particular privacy interest is distinguishable from those of most other petitioners in the Program – *any* of whom might not want the fact of a vaccine injury claim publicized. Petitioner's assertion that the Ruling's or Decision's case captions contain sufficient information to bring about the type of potential particularized harm alleged (namely preventing Petitioner from seeking alternate employment in the healthcare sector in the future) is too speculative. She has also not demonstrated anything about her own circumstances or life that make these perceived risks more likely – for example, that she has a *specific* medical/scientific career, or aspirations thereto, that would be negatively impacted if her claim's existence were disclosed. *Compare K.N.,* 167 Fed. Cl. at 157-58. Merely stating that she has a concern regarding her vaguely-possible career prospects in the healthcare sector, without describing with particularity the specifics of what those prospects may be (i.e., stating the subsector of the healthcare industry, establishing that she is currently seeking a new job or occupation, and/or that such occupation has a connection to possible vaccine-related biases), is not enough to justify redaction here.

Admittedly, this case involves a SIRVA, a very common kind of injury in the Program today. It thus is not a matter where the complex nature of science involved in adjudicating the matter calls out for public disclosure of the case's disposition. But the public has a legitimate interest in being made aware of what compensation is awarded under the Act – especially in connection with disputes that can be expeditiously resolved in SPU (which mostly addresses SIRVAs). Thus, Petitioner has not shown that her personal desire for non-disclosure of the Ruling and/or Decision outweighs such competing considerations.

### Conclusion

For the reasons set forth above, **Petitioner's Motion (ECF No. 40) is <u>denied</u>**.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master